Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

Kevin L. Hernandez, Esq.
Nevada Bar No.: 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Law Vegas, Nevada 89147
(702) 563-4450
(702)552-0408 (fax)
kevin@kevinhernandezlaw.com
*Attorney for Diana Herrera Lopez*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Diana Herrera Lopez,<br><br>          Plaintiff,<br>     v.<br><br>Southern Capital Finance Group, LLC,<br><br>          Defendant. | Case No.:<br><br>**Class action complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**Jury trial demanded** |

COMPLAINT                                — 1 —

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged and protects consumers against debt collection uniformly among the States.

2. Diana Herrera Lopez ("Plaintiff"), by counsel, brings this action to challenge the actions of Southern Capital Finance Group, LLC ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Defendant did not maintain procedures reasonably adapted to avoid the violations described herein.

## Jurisdiction and Venue

7. This is a claim for statutory damages brought by Plaintiff on behalf of herself and all similarly situated persons, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in abusive, deceptive, unconscionable and unfair debt collection practices.

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. This action arises out of Defendant's violations of the FDCPA.

10. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.
11. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

**Parties**

12. Plaintiff is a natural person who resides in Clark County, Nevada.
13. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
14. Defendant is a company that offers debt collection services.
15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

16. Plaintiff is alleged to have owed a debt to HLS of Nevada dba Nevada West Financial and/or RightSize Funding for a debt relating to the sale of a vehicle—a 2013 Dodge Avenger—from Open Lot, a car dealership, on or around April 13, 2016 (the "debt").
17. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).
18. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.
19. The last payment was on or around December 1, 2017.
20. The vehicle was repossessed and sold to auction on or around April 9, 2018.
21. As of May 15, 2018, the alleged deficiency balance owed by Plaintiff was $10,960.92.
22. On August 17, 2022, Defendant filed a lawsuit in the Las Vegas Justice Court, Clark County Nevada, case number 22C018088.

23. Defendant filed the lawsuit four years, eight months, and 16 days after Plaintiff's default.

24. Defendant filed the lawsuit four years, four months, and eight days after the vehicle was sold at auction.

25. This vehicle was sold under a Nevada Retail Installment Sales Contract, the form of which is required under NAC 97.050, NRS 97.299, and NRS 97.301 which specifically states that the RISC is subject to the Uniform Commercial Code ("UCC"). For example, on the front page in Section D it states "To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral. . .," and on the back page which lists the terms and conditions it states "[o]n any default, we will have all the remedies of a secured party under the Uniform Commercial Code.

26. Automobiles are goods as defined by UCC Article 2 codified in NRS § 104.2105.

27. UCC § 2-725 codified as NRS § 104.2725 provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued", and thus the statute of limitation for a deficiency claim under the UCC is 4 years.

**Defendant caused Plaintiff harm**

28. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. And she was required to incur expenses to defend herself in the Justice Court case. Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff further suffered humiliation and embarrassment when she was sued for the debt.

**Class allegations**

29. Plaintiff brings this action on behalf of a Class of all persons similarly situated under Rules 23 of the Federal Rules of Civil Procedure.

30. Plaintiffs define the Class as all people sued in Nevada within the one year preceding the date of filing of this Complaint by Defendant for an alleged deficiency arising after

default on an automobile retail installment sales contract more than four years after default who have not had a final judgment entered against them.

31. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impractical. Upon information and belief, the Class contains more than 100 people.

32. <u>Commonality</u>: There are questions of law or fact common to all members of the Class that control this litigation and which predominate over any individual issues. The common questions of law or fact include, but are not limited to, the following: (a) whether the statute of limitations for a claim for an alleged deficiency arising after default on a automobile retail installment sales contract is four years pursuant to NRS 104.2725; and (b) whether filing suit on a time-barred debt violates 15 U.S.C. § 1692a et seq., including but not limited to §1692e.

33. <u>Typicality</u>: The claims of the Plaintiff are typical of the claims of the Class in that each seeks the same remedies and relief upon the same legal theories and operable facts, and the Plaintiff has no interest adverse to the interests of the other members of the Class.

34. <u>Adequacy of Representation:</u> Neither Plaintiff nor her counsel has conflicts of interest with other Class members. Plaintiff, members of the Class with the same interest and injury as the Class, and their counsel will prosecute this action vigorously on behalf of the Class.

35. <u>Superiority</u>. A class action is superior to other methods for the fair and efficient adjudication of this controversy because, *inter alia*: (a) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and making the case suitable for certification under FRCP 23(b)(2); (b) the complexity of the issues involved, the size of the individual Class member's claims, and the limited resources of the Class members would clearly make it impracticable for all individual members of the Class to individually seek legal redress for the actions of Defendant, making a class action superior to other available methods for the fair and efficient

adjudication of the controversy, and questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, making the case suitable for certification under FRCP 23(b)(3); (c) this action would facilitate an orderly and expeditious resolution of the Class' claims, and will foster economies of time, effort, and expense; (d) when the Court has adjudicated whether Defendant is liable, then the claims of all Class members may be determined by the Court; and (e) this action presents no difficulty that would impede its maintenance by the Court as a class action and is the best available means by which the Plaintiff and all Class members may seek redress for the harm caused by Defendant.

## Count One
## Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

37. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

38. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt.

39. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

40. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

41. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

42. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Declaratory Relief under 28 U.S.C. § 2201

45. Declaratory relief is a historical equitable remedy. In addition, the legislature has enacted 28 U.S.C. § 2201 et seq. Further, FRCP 23(b)(2) authorizes declaratory relief where the party opposing the Class has acted or refused to act on grounds generally applicable to the Class.

46. "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

47. The facts of this case state a justiciable controversy in which a claim of right is asserted against one who has an interest in contesting it.

48. This Court has the power by law to declare the rights, status and other legal relations of the parties whether or not further relief is or could be claimed, and a declaration may be either affirmative or negative in form and effect, and such declarations have the force and effect of a final judgment or decree.

49. The Class seeks all equitable declaratory relief and/or statutory declaratory relief and/or FRCP 23(b)(2) declaratory relief that arises from or is implied by the facts, whether or not specifically requested, including but not limited to: (a) a declaration of the rights of the Class with respect to pending litigation where a final judgment has not been entered;

(b) a declaration that the Class is entitled to injunctive relief; and (c) a declaration that the Class is entitled to attorney's fees and costs.

### Prayer for relief

50. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An Order under Rule 23 that Defendant immediately cease any and all form of communication with the Class to preserve the remedies available to the Class, the integrity of the Class, and to protect the Class from undue influence of Defendant;

- All equitable declaratory relief and/or statutory declaratory relief and/or FRCP 23(b)(2) declaratory relief that arises from or is implied by the facts, whether or not specifically requested, including but not limited to: (a) a declaration of the rights of the Class with respect to pending litigation where a final judgment has not been entered; (b) a declaration that the Class is entitled to injunctive relief; and (c) a declaration that the Class is entitled to attorney's fees and costs.

- All equitable injunctive relief that arises from or is implied by the facts, whether or not specifically requested, including an injunction (a) that Defendant immediately cease prosecution of and forthwith dismiss all cases filed against the Class where no final judgment has been entered; and (b) that Defendant cease from suing on debts arising from auto deficiencies that are outside the four year statute of limitations set forth in NRS 104.2725.

- Statutory damages of $500,000 or 1% of the net worth of defendant; whichever is less;

- Statutory damages pursuant to 15 U.S.C. § 1692k;

- Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

- For a trial by jury on all appropriate factual issues; and

- Any other relief that this Court deems just and proper.

## Jury Demand

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 15, 2023.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**LAW OFFICE OF KEVIN L. HERNANDEZ**

/s/ Kevin L. Hernandez
Kevin L. Hernandez, Esq.
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
*Attorneys for Diana Herrera Lopez*